UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Carol Jean Peterson,

     Plaintiff,

 vs.

Valerie Downing Arnold,

     Defendant.      Civ. No. 09-890 (PJS/RLE)

 \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Carol J. Peterson,

     Plaintiff,

 vs.

William O'Hara,

     Defendant.      Civ. No. 09-891 (PJS/RLE)

 \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Carol J. Peterson,

     Plaintiff,

 vs.

Dr. Anderholm, Physician,

Northern Psychiatric Associates,
Baxter, MN,

                              Defendant.                     Civ. No. 09-892 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Carol J. Peterson,

                               Plaintiff,

      vs.

Candace Simar,

                               Defendant.                     Civ. No. 09-893 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Carol Jean Peterson,

                               Plaintiff,

      vs.

Patricia Aanes,

                               Defendant.                     Civ. No. 09-894 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Carol J. Peterson,

                               Plaintiff,

      vs.

Kristine DeMay,

                Defendant.             Civ. No. 09-895 (PJS/RLE)

      *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

Carol J. Peterson,

                Plaintiff,

      vs.

Darrell M. Paske,

                Defendant.             Civ. No. 09-916 (PJS/RLE)

      *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

Carol J. Peterson,
sponsored by Sandy
Beitsch,

                Plaintiff,

      vs.

Patricia Gimbel,

                Defendant.             Civ. No. 09-917 (PJS/RLE)

      *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

I.  <u>Introduction</u>

These matters came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Applications of the Plaintiff Carol Jean Peterson, a/k/a Carol J. Peterson, for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP").

The Plaintiff appears without legal representation, and no appearances have been made by, or on behalf of, any of the Defendants as the Plaintiff's Complaints have yet to be served.

For reasons which follow, we recommend that the Plaintiff's IFP Applications be denied, and that all of the actions be summarily dismissed.

II.  <u>Factual and Procedural Background</u>

The Plaintiff commenced each of the actions by filing a brief, <u>pro</u> <u>se</u> pleading, on a form entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." For the most part, the Plaintiff's pleadings verge on being incomprehensible, since they principally consist of oblique references to Hearings, attorneys, a judge, a divorce, and an array of legal jargon.  Those references suggest that  the Plaintiff **may** be attempting to sue certain individuals who have been involved in some past, and perhaps still pending, Minnesota State Court action or actions.   However, that

- 4 -

inference is purely surmise and conjecture, as the Plaintiff has failed to support her lawsuits with a intelligible description of the facts, events, or specific acts or omissions, by any of the named Defendants. Indeed, while the Plaintiff's pleadings reference Title 42 U.S.C. §1983, none of the Complaints describe a violation of any specific Constitutional right.

### III.  Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff has failed to state a claim upon which relief can be granted. See, Title 28 U.S.C. §1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, we find that, even with the benefit of the most indulgent of constructions, the Plaintiff's current pleadings fail to state any legally cognizable cause of action.

To state a cause of action upon which relief can be granted, a complainant must allege a set of specific historical facts which, if proven true, would entitle him or her to legal redress against the named defendant(s), based upon a recognized legal principle or doctrine. While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980), citing Nickens v. White, 536 F.2d 802, 803 (8th Cir. 1976), and

Ellingburg v . King, 490 F.2d 1270 (8th Cir. 1974);  see also, Quinn v. Ocwen Federal Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006)("'[T]he complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal.'"), quoting DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir.2002); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004)(Federal Courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions."), citing,  Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir. 1981)("[A] well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts[.]").

As noted, the Plaintiff's current submissions do not describe any specific, historical facts or events, nor do they disclose any particular acts or omissions on the part of any of the named Defendants.  None of the Plaintiff's eight (8) pending Complaints sheds the slightest illumination as to what any of the named Defendants allegedly did, or failed to do, which caused him or her to be sued by the Plaintiff.  For that reason alone, we conclude that the Plaintiff has failed to plead any actionable

claim for relief in any of her pleadings, and that all of the Plaintiff's pending lawsuits must be dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).[1]

Further, the Plaintiff's pending Complaints suffer from additional, obvious flaws. First, the Plaintiff's pleadings indicate that she is seeking relief, under Title 42 U.S.C. §1983, for alleged violations of her Federal Constitutional rights. However, a party cannot be sued under Section 1983, unless that party allegedly violated the plaintiff's Constitutional rights, while acting under color of State law. See, West v. Atkins, 487 U.S. 42, 48 (1988). Here, the Plaintiff has not alleged, in any of her pleadings, that any of the named Defendants served as a State actor, when the potentially wrongful conduct occurred.[2]

---

[1]Simple due process, as well as fundamental fairness, requires that the Defendants be informed of the specific conduct which has caused their being haled into Federal Court. The Plaintiff's Complaints simply disclose that, for reasons not particularized, nor apparent, she disagrees with something, whatever it might be, that the Defendants arguably did or did not do.

[2]One of the Defendants appears to be a State Court Judge. See, Peterson v. DeMay, 0:09-cv-0895 (PJS/RLE), Complaint, Docket No. 1, at p. 3. However, even if that Defendant were a State actor under Section 1983, the action against that Defendant would still have to be summarily dismissed because of the doctrine of judicial immunity. See, Pierson v. Ray, 386 U.S. 547, 553-54 (1967)(Judges are wholly immune to civil lawsuits based upon claims of misconduct during the performance of their judicial functions).

In addition, the Plaintiff apparently is attempting to overturn various rulings that have been entered in past, and perhaps in ongoing, State Court proceedings. However, as a general rule, Federal District Courts cannot review, and reverse, State Court rulings.  See, <u>Exxon Mobil Corp. v. Saudi Basic Industries Corporation</u>, 544 U.S. 280, 284 (2005)(Federal District Courts cannot properly entertain "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); <u>Skit Intern., Ltd. v. DAC Technologies of Arkansas, Inc.</u>, 487 F.3d 1154, 1156 (8th Cir. 2007)("The United States Supreme Court is the only federal court empowered to exercise appellate review of state court judgments, except for habeas petitions.")[citations omitted], cert. denied --- U.S. ---, 128 S.Ct. 495 (2007); <u>Well v. Schnick</u>, 2008 WL 4110697 at *9 (D. Minn., August 27, 2008)("[T]he Federal review of a State Court determination may only be obtained in the United States Supreme Court."), citing, in part, <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476 (1983), citing, in turn, <u>Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers</u>, 398 U.S. 281, 296 (1970).

Moreover, accepted principles of comity and Federalism, require that Federal Courts normally abstain from interfering in ongoing State Court actions.  See, <u>Aaron</u>

v. Target Corp., 357 F.3d 768, 774 (8th Cir. 2004)("Under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism."); Harmon v. City of Kansas City, 197 F.3d 321, 325 (8th Cir. 1999)(noting that, in Younger v. Harris, 401 U.S. 37 (1971), "the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances."), cert. denied, 529 U.S. 1038 (2000).  Therefore, even if the Plaintiff's Complaints had included sufficient facts, we would refrain from exercising our jurisdiction over these actions, since it appears that her requested relief would require us to overturn a past State Court ruling, or would interfere with an ongoing State Court action.

Our obligation to screen the cases before us, when the complainant seeks to be relieved of the applicable filing fees, and the responsibility of properly serving process upon the Defendants, is driven by the reality that some litigants might choose to accuse others of wrongdoing, so long as it costs the complaining party nothing to do so.  Absent a plain and simple statement of the facts underlying a Complaint, and a recitation of our jurisdiction over the subject matter of the cause of action, in addition

to our personal jurisdiction over the named Defendants, we are not empowered to cause the Defendants to expend their own funds in order to defend against charges that are wholly undefined and, by every appearance, outside of our jurisdiction.  In short, to properly seek Federal Court relief, the complainant must present a pleading that conforms to both the substance, and procedural requisites, of Federal law.

Since we are satisfied that none of the Plaintiff's pleadings, in any of her pending cases, state any actionable claim for relief that can properly be entertained in Federal Court, we recommend that all of these cases be summarily dismissed, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii), and that the Plaintiff's IFP Applications be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1.      That all of the above-captioned actions should be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

2.      That the Plaintiff's Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> in each of the above-captioned cases be denied, as moot.

Dated: May 7, 2009                          *s/Raymond L. Erickson*
                                            Raymond L. Erickson
                                            CHIEF U.S. MAGISTRATE  JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 22, 2009,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 22, 2009,** unless all

interested parties stipulate that the District Court is not required by Title 28 U.S.C.

§636 to review the transcript in order to resolve all of the objections made.